OPINION
{¶ 1} Plaintiff-Appellant, the State of Ohio, appeals a judgment of the Van Wert Municipal Court, granting Defendant-Appellee's, Barry Etzler, motion for a new trial. The State claims that the trial court abused its discretion by reviewing its own decisions, by failing to provide the State a chance to reply to Etzler's motion for a new trial, and by failing to provide a written statement containing the rationale upon which the court granted the motion. After reviewing the entire record before us, we find that the trial court did not have the authority to grant Etzler's motion for a new trial without conducting an oral hearing and that the trial court erred in not providing the State an opportunity to respond to the motion. Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
 {¶ 2} Etzler was accused of assaulting the mother of his three children, Lisa Etzler, at the 2003 Van Wert County Fair. Based on these accusations, Etzler was charged with domestic violence in violation of R.C. 2919.25(A). On February 13, 2004, he was tried on the charge before a jury of his peers. The jury returned a verdict of guilty, and a sentencing hearing was scheduled for February 20, 2004.
 {¶ 3} Prior to the sentencing hearing, Etzler filed a motion for a new trial pursuant to Civ.R. 33. Without conducting an oral hearing on the motion or giving the State an opportunity to respond, the trial court granted Etzler's motion, finding that irregularity in the proceedings prevented Etzler from receiving a fair trial. Accordingly, the trial court vacated Etzler's conviction and scheduled a new trial for March 5, 2004. From this judgment the State appeals, presenting three assignments of error for our review.
 Assignment of Error I The trial court erred in abusing its discretion in ruling thata new trial should be granted based on the motion for new trialas filed by Defendant-Appellee.
 Assignment of Error II The trial court erred by abusing its discretion when it issuedits order for new trial without notice to Appellant and withoutopportunity for Appellant to respond to motion for new trial.
 Assignment of Error III The trial court erred by abusing its discretion when itreported no finding or rationale in granting new trial in entryas filed for the record on February 23, 2004.
 {¶ 4} Because of the nature of these assignments, we will address them out of order.
 Assignment of Error II {¶ 5} In the second assignment of error, the State contends that the trial court erred in failing to afford it an opportunity to respond to Etzler's motion for a new trial. The State maintains that by granting the motion without allowing the State such an opportunity to respond, the trial court violated Crim.R. 47.
 {¶ 6} A trial court may grant a criminal defendant's motion for a new trial if it finds that the defendant's rights were materially affected by any of the following:
(1) Irregularity in the proceedings, or in any order or rulingof the court, or abuse of discretion by the court, because ofwhich the defendant was prevented from having a fair trial;
 (2) Misconduct of the jury, prosecuting attorney, or thewitnesses for the state;
 (3) Accident or surprise which ordinary prudence could nothave guarded against;
 (4) That the verdict is not sustained by sufficient evidenceor is contrary to law. If the evidence shows the defendant is notguilty of the degree of crime for which he was convicted, butguilty of a lesser degree thereof, or of a lesser crime includedtherein, the court may modify the verdict or finding accordingly,without granting or ordering a new trial, and shall pass sentenceon such verdict or finding as modified;
 (5) Error of law occurring at the trial. Crim.R. 33(A).
 {¶ 7} Crim.R. 47 regulates the manner in which trial courts must address motions in criminal cases, including motions for new trials. It provides that:
An application to the court for an order shall be by motion. Amotion, other than one made during trial or hearing, shall be inwriting unless the court permits it to be made orally. It shallstate with particularity the grounds upon which it is made andshall set forth the relief or order sought. It shall be supportedby a memorandum containing citations of authority, and may alsobe supported by an affidavit.
 To expedite its business, the court may make provision by ruleor order for the submission and determination of motions withoutoral hearing upon brief written statements of reasons in supportand opposition. Crim.R. 47.
 {¶ 8} This court has previously interpreted this rule in light of a motion for a new trial and held that "[a] trial court may dispose of a motion for new trial without oral hearing wherea local rule of court implementing Criminal Rule 47 prescribessuch action * * *." State v. Wimer (June 4, 1987), 3rd Dist. Nos. 1-86-4, 1-86-5, unreported (Emphasis added), quoting Statev. Collins (1997), 60 Ohio App.2d 116, paragraph eight of the syllabus, abrogation on other grounds recognized in State v.Brown (1993), 90 Ohio App.3d 674, 685. Absent a local rule implementing Crim.R. 47, the trial court is required to conduct an oral hearing before ruling on a motion for a new trial.Wimer supra.
 {¶ 9} The Van Wert Municipal Court has adopted supplemental local rules; however, these rules do not address the manner in which the trial court must consider criminal motions. The only rule that addresses motions at all is Local Rule 8, which, in relevant part, provides that the court may set any motion for oral argument upon its own motion. This language does not set forth the procedure for determining motions without an oral hearing; rather, it only states that the trial court may conduct an oral hearing. Furthermore, Local Rule 8 is entitled "Civil Hearings" and does not contain any language relating to either criminal motions or Crim.R. 47. In Wimer, this Court considered a similarly worded local rule and found that the local rule did not apply to Crim.R. 47 motions.
 {¶ 10} According to the precedent established by this Court, the trial court had no authority to reach a determination on Etzler's motion for a new trial without conducting an oral hearing because it had not instituted a local rule establishing the procedure for making such a determination. Our holding today does not mean that a trial court, in considering criminal motions, does not have the discretion to decide whether to conduct an oral hearing. More accurately, it means that before a trial court can exercise that discretion and choose to dispose of a motion without an oral hearing, it must have implemented Crim.R. 47 through a local rule. The Van Wert Municipal Court has not produced such a rule. Therefore, it was error for the trial court to grant Etzler's motion for a new trial without an oral hearing.
 {¶ 11} Additionally, Crim.R. 47 provides that the trial court may grant a motion without an oral hearing "upon brief written statements of reasons in support and opposition." Herein, the trial court did not allow the State an opportunity to file a brief written statement in opposition to Etzler's motion. Even if there had been a local rule allowing the trial court to determine criminal motions without an oral hearing, the trial court still would have erred by failing to allow the State an opportunity to respond to Etzler's motion. This court has previously found reversible error where the trial court granted a defendant's motion to dismiss without allowing the State an opportunity to respond. State v. Diehl (March 25, 1991), 3rd Dist. No. 14-89-30, unreported. "Until the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved." Id. Accordingly, by not allowing the state to respond to Etzler's motion, the trial court acted unreasonably and arbitrarily in granting the motion. Id.
 {¶ 12} In sum, before a trial court can consider a motion for a new trial in a criminal case without conducting an oral hearing, it must first implement local rules establishing the procedure for the submission and determination of such motions. Crim.R. 47. However, if the trial court does have a local rule implementing Crim.R. 47, then it is within the trial court's discretion to decide whether to conduct an oral hearing when considering a motion for a new trial. State v. Remy, 4th Dist. No. 03CA2731, 2004-Ohio-3630, at ¶ 79. Crim.R. 47 also requires that both parties be given an opportunity to respond in writing to a motion being heard without an oral hearing. Diehl supra. In this case, the trial court has not established a local rule implementing Crim.R. 47 and also failed to give the State an opportunity to respond in writing to Etzler's motion. Accordingly, we reverse the judgment of the trial court granting Etzler's motion for a new trial and remand the cause for further proceedings consistent with this opinion.
 Assignments of Error I III {¶ 13} Based on the above decision, the State's first and third assignments of error have been rendered moot. Accordingly, they will not be addressed by this Court. See, App.R. 12(A)(1)(c).
 {¶ 14} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 Shaw, P.J. and Bryant, J., Concur.