The STATE of Ohio, Appellant,

v.

ENGLE, Appellee.

[Cite as *State v. Engle,* 166 Ohio App.3d 262, 2006-Ohio-1884.]

Court of Appeals of Ohio,
Third District, Union County.

No. 14–05–35.

Decided April 17, 2006.

David W. Phillips, Union County Prosecuting Attorney, and Rick Rodger, Assistant Prosecuting Attorney, for appellant.

Bernard M. Floetker, for appellee.

---

SHAW, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, brings this appeal from the August 30, 2005 judgment of the Court of Common Pleas, Union County, Ohio, granting defendant-appellee John W. Engle's motion to dismiss criminal charges filed against him.

{¶ 2} Following an investigation, officers of the Union County Sheriff's Office and the Marysville Police Department conducted a "sting" operation with the assistance of a confidential informant ("CI"). During this operation, the CI purchased two separate plastic "baggies" for $400 dollars each from defendant Engle and one Jeannine Phillips. The contents of the plastic baggies were tested by the Bureau of Criminal Identification and Investigation, and both were found to be approximately 9.24 grams in weight. The contents of one bag were determined to be crack cocaine, while the contents of the other bag were not a controlled substance. Engle was subsequently indicted in April 2005 on one count of trafficking in counterfeit controlled substances in violation of R.C. 2925.37(B), a fifth-degree felony, and one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and (C)(4)(c), a fourth-degree felony.

{¶ 3} The instant appeal involves the prosecution's failure to disclose a copy of an audio recording of the drug transaction in question. Defense counsel first formally requested disclosure of "a copy of the audio disc which contains the alleged drug transaction" in a motion to compel discovery filed on July 5, 2005.[1] A hearing was held on this and other motions on July 20, 2005, and the trial court orally ordered the prosecution to turn over a copy of the audio tape to defense counsel. The court also filed a written entry on August 5, 2005, ordering the state to provide a copy of the audio disc "instanter."

{¶ 4} However, the prosecutor failed to turn over a copy of the audio recording at that time. Subsequently, the prosecutor contacted defense counsel, seeking an agreement on a continuance because one of the state's witnesses had scheduled a surgery and was unavailable for trial. Defense counsel indicated that he would not agree to a continuance and told the prosecutor that he had filed a motion to dismiss the charges because the state had failed to turn over the audio recording as ordered by the trial court.

{¶ 5} Engle's motion to dismiss was filed with the court on August 29, 2005. The next day, without giving the state any opportunity to respond to the motion, the trial court granted the motion and dismissed the charges against Engle. The state subsequently filed a memorandum opposing the motion to dismiss and, according to the parties, did turn over a copy of the audio recording at that point. However, there is nothing in the record that indicates that a copy was turned over to defendant.

{¶ 6} The state now appeals the trial court's order dismissing the charges against Engle, asserting one assignment of error:

The trial court abused its discretion and erred when it dismissed the entire case.

{¶ 7} The instant appeal asks this court to examine whether the trial court erred in dismissing the charges against Engle due to the state's violation of the court's order to produce discovery. Discovery in a criminal proceeding is governed by Crim.R. 16. Subsection (E) of that rule authorizes a trial court to sanction a party for discovery violations, providing:

(3) Failure to comply: If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the

---

1. Defense counsel argues that a copy of the audio recording was first requested at a scheduling conference on June 21, 2005. However, no transcript of that proceeding was in the record before this court.

party from introducing in evidence the material not disclosed, *or it may make such other order as it deems just under the circumstances.*

(Emphasis added.) Crim.R. 16(E)(3). Crim.R. 16(E) grants the trial court wide discretion in determining sanctions for discovery violations. *State v. Parson* (1983), 6 Ohio St.3d 442, 445, 6 OBR 485, 453 N.E.2d 689; *State v. Decker,* Seneca App. No. 13–03–17, 2003-Ohio-4645, 2003 WL 22049624, ¶ 20, citing *State v. Myers,* 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, at ¶ 75. Therefore, an appellate court will not reverse the trial court's sanction absent an abuse of discretion. *Parson,* 6 Ohio St.3d at 445, 6 OBR 485, 453 N.E.2d 689. The term "abuse of discretion" connotes that the court's decision is unreasonable, arbitrary, or unconscionable; an abuse of discretion constitutes more than an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying this standard, "an appellate court must not substitute its judgment for that of the trial court." *State ex rel. Strategic Capital Investors, Ltd. v. McCarthy* (1998), 126 Ohio App.3d 237, 247, 710 N.E.2d 290.

{¶ 8} However, in determining the appropriate sanction, the trial court must make an inquiry into the circumstances of the discovery violation. *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138, ¶ 2 of the syllabus. In addition, the trial court "must impose the least severe sanction that is consistent with the purpose of the rules of discovery." Id. The purpose of that rule is to prevent surprise and the secreting of evidence favorable to one party; "the overall purpose is to produce a fair trial." Id. at 3, 511 N.E.2d 1138. Therefore, we must determine whether the trial court made the appropriate inquiry into the circumstances of the discovery violation and whether the court abused its discretion in determining that dismissing the charges was the least severe sanction available.

{¶ 9} First, it is clear from the record that the trial court failed to make any inquiry into the circumstances of the discovery violation. The first indication that the court was aware of the fact that the prosecution had failed to turn over a copy of the audio recording subsequent to the court's order was Engle's filing of a motion to dismiss. The court filed an entry granting that motion the very next day, without conducting a hearing and without providing the state any opportunity to respond to the motion. When the state did file a memorandum opposing Engle's motion, the trial court apparently gave no consideration to that memorandum and did not reconsider its entry. Moreover, due to the trial court's failure to make any inquiry into the reasons for the prosecutor's failure to comply with the order, it is impossible to determine an appropriate sanction. There is no indication in the record as to why the prosecutor failed to comply with the court's order. The trial court was required to inquire into the circumstances of the violation in order to fashion an appropriate remedy.

{¶ 10} Second, it is clear that the trial court imposed the most severe sanction available without making any determination whether a less severe sanction would be appropriate. "[T]he trial court must find that no lesser sanction would accomplish the purpose of the discovery rules." *Papadelis*, 32 Ohio St.3d at 5, 511 N.E.2d 1138. In the instant case, the trial court made no findings whatsoever. The trial court's entry read, in its entirety: "Defendant's Motion to Dismiss is SUSTAINED, for the reasons stated in the Motion. State's Motion for Continuance is OVERRULED as moot." Thus, it is clear that the trial court did not properly balance the need to impose a sanction with the purpose of the discovery rules, as required under *Papadelis*.

{¶ 11} Finally, the Supreme Court in *Papadelis* gave guidance as to what factors the trial court is to consider in determining the appropriate sanction. Those factors include the extent that one party will be surprised or prejudiced by the evidence that should have been disclosed, the impact that excluding the evidence or testimony will have on the outcome of the case, whether the violation was "willful or in bad faith," and the effectiveness of less severe sanctions. *Papadelis*, 32 Ohio St.3d at 5, 511 N.E.2d 1138. This court is unable to determine whether the state acted in bad faith in the instant case, because there is nothing in the record indicating the prosecution's justification or excuse for failing to comply with the discovery order. Moreover, it seems clear that less severe sanctions were available that could produce a fair trial, including granting a continuance or excluding the evidence from the proceedings.

{¶ 12} Based on the foregoing, the trial court erred in dismissing the charges against Engle due to the state's discovery violation; the sanction imposed was not the least severe sanction available that is consistent with the purposes of the discovery rules. Accordingly, the assignment of error is sustained, the judgment of the trial court is reversed, and the matter is remanded for further proceedings according to law.

Judgment reversed
and cause remanded.

BRYANT, P.J., concurs.

ROGERS, J., concurs separately.

ROGERS, Judge, concurring separately.

{¶ 13} I concur with the majority that the trial court acted too hastily in summarily ruling on the motion to dismiss and failing to allow the state time to respond to the motion. I write separately because I do not join the majority in the conclusory statement that "it seems clear that less severe sanctions were available that could produce a fair trial, including granting a continuance or

excluding the evidence from the proceedings." This statement too closely resembles a mandate to the trial court to impose a lesser sanction on rehearing. Without a record of *Papadelis* factors, which the majority agrees must be considered, this court is not in a position to suggest what sanction is most appropriate in this case.

{¶ 14} I am particularly concerned that the defense had allegedly requested the audio as early as June 21, had allegedly tendered a blank CD for the purpose of obtaining a copy of the audio, and had filed a motion for a copy of the audio disc that contained the alleged drug transaction on July 5. Additionally, at the July 20 hearing, the state was directed to produce the audio immediately. Further, the August 5 judgment entry again ordered the audio produced "instanter." Yet the audio was never produced prior to the date the trial was due to commence. It is possible that the trial court could interpret such persistent delays as willful and in bad faith and to be a sound basis for dismissal.

{¶ 15} As noted by the majority, this court has too little evidence before it to determine whether the delay in production was willful, although it seems obvious that it was at least negligent. I would remand with the specific instruction to hold a hearing on the motion and to then determine the appropriate sanction that should be imposed in this case.

{¶ 16} That having been said, I would offer my general observations, not directed to the prosecution in this case but to the criminal justice system in general. It has been my experience that in pursuing justice against guilty defendants, courts have been quite lenient against prosecutors who have been negligent or worse. Even gross prosecutorial misconduct will not result in a reversal of a conviction unless the defendant can demonstrate that the misconduct prejudicially affected a substantial right. *State v. Brinkley*, 105 Ohio St.3d 231, 252, 2005-Ohio-1507, 824 N.E.2d 959, at ¶ 135.

{¶ 17} I have further observed that when granted such leniency, instead of striving to perform in a more professional manner, some prosecutors have realized that they are not likely to be seriously sanctioned for negligence or even willful misconduct and, as a result, their conduct has gotten worse rather than better. An occasional dismissal or other serious sanction for persistent or gross prosecutorial misconduct would surely grab the attention of conscientious prosecutors, resulting in more professional behavior. For less scrupulous prosecutors, it could alter election results. In either case, the consequences would greatly improve our criminal-justice system and the credibility of the courts.