OPINION
{¶ 1} Appellant, the State of Ohio, appeals a decision by the Ashtabula County Court of Common Pleas dismissing three counts of felonious assault with a deadly weapon in violation of R.C. 2903.11
against appellee, Michael S. Palivoda. For the reasons that follow, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.
 {¶ 2} Appellee was indicted for three counts of felonious assault with a firearm in violation of R.C. 2903.11, felonies of the second degree. Appellee pleaded not guilty. On October 26, 2005, appellee filed a motion for preservation of evidence. Specifically, appellee sought an order from the court directing appellant to preserve any and all recordings of 911 phone calls made on the date of the alleged incident which gave rise to the indictment against appellee. The trial court granted appellee's request and ordered that "any and all 911 calls, regardless of length, on or about Aug. 22, 2005, as well as the AACSO Dispatch logs and journals dealing with this incident" be preserved.
 {¶ 3} On March 21, 2006, appellee filed a motion to dismiss all pending charges against him as a result of the state's failure to preserve the requested evidence which was the subject matter of the trial court's previous order. The trial court granted the motion the next day. Appellant did not have an opportunity to respond prior to the trial court's decision.
 {¶ 4} We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. State v. Wendel (Dec. 23, 1999), 11th Dist. No. 97-G-2116, 1999 Ohio App. LEXIS 6237; see, also,State v. Hubbard, 12th Dist. No. CA2004-12- 018, 2005-Ohio-6425;State v. Benton (2000), 136 Ohio App.3d 801; State v.Vanderpoll, 9th Dist. No. 22803, 2006-Ohio-526.
 {¶ 5} Appellant's first assignment of error states: "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THE INDICTMENT AGAINST APPELLEE, WITH PREJUDICE, WITHOUT MAKING A FINDING THAT APPELLEE WAS DENIED A CONSITUTIONAL OR STATUTORY RIGHT, AND WITHOUT STATING ON THE RECORD ITS FINDINGS OF FACT AND REASONS FOR THE DISMISSAL."
 {¶ 6} Appellant's first assignment of error is based on Crim.R. 48. Crim.R. 48 contemplates two circumstances for the dismissal of criminal charges. The first dismissal discussed in Crim.R. 48(A) is preempted by the prosecution's request to dismiss. The second circumstance for dismissal is found in Crim.R. 48(B) which states: "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal."
 {¶ 7} "Crim.R. 48(B) recognizes by implication that trial judges may sua sponte dismiss a criminal action over the objection of the prosecution, since the rule sets forth the trial court's procedure for doing so." State v. Busch (1996), 76 Ohio St.3d 613, 615. The rule contemplates the trial court's dismissal sua sponte; not a dismissal predicated by a motion requesting that dismissal. Appellee filed his motion for dismissal on March 21, 2006 with the trial court. Therefore, the trial court did not sua sponte dismiss the underlying action. Rather, the trial court granted appellee's motion and dismissed the action on March 22, 2006. As such, there was no requirement for the trial court to make any findings of fact to support its decision as presumably the basis for the decision was set forth in appellee's preceding motion. We do not find Crim.R. 48 applicable in the present case.
 {¶ 8} Appellant's first assignment of error is without merit.
 {¶ 9} Appellant's second assignment of error states: "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION TO DISMISS ON THE DAY AFTER THE MOTION WAS FILED, WITHOUT CONDUCTING AN ORAL HEARING AND WITHOUT AFFORDING THE STATE OF OHIO AN OPPORTUNITY TO RESPOND TO THE MOTION."
 {¶ 10} Appellee filed his motion to dismiss on March 21, 2006. The next day, the trial court granted appellee's motion and effectively dismissed the indictment pending against appellee with prejudice. Appellant asserts this ruling, without opportunity for appellant to respond, was in violation of Crim.R. 47. Crim.R. 47 provides in relevant part:
 {¶ 11} "[t]o expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."
 {¶ 12} Appellee argues the trial court's decision was proper under Crim.R. 12(F) which provides the court with authority to rule on a motion "* * * based upon briefs, affidavits, the proffer of testimony and exhibits, a hearing, or other appropriate means." Appellee further argues that following the state's submission of its brief in opposition to the defendant's motion to dismiss, the trial court could have vacated its judgment entry in the interest of justice.[1]
 {¶ 13} Although Crim.R. 12(F) and Crim R. 47 grant the trial court authority to rule on motions without conducting a hearing, both rules require (expressly and impliedly) the opportunity for both parties to submit their positions. Crim.R. 47 explicitly requires that prior to any ruling on the briefs, both parties must be afforded opportunity to file a response. Specifically, the rule states it is proper for a trial court to rule on the briefs "* * * upon * * *written statements of reasons in support and opposition." Likewise, Crim.R. 12(F) implies that both sides be given opportunity to be heard through the submission of written arguments in the form of "briefs, affidavits, [and] the proffer of testimony and exhibits * * *."
 {¶ 14} The trial court denied appellant the opportunity to submit any oppositional material by granting the motion less than twenty-four hours after it was filed. This constitutes reversible error. State v.Etzler, 3rd Dist. No. 15-04-03, 2004-Ohio-4808; see, also, State v.Diehl (March 25, 1991), 3rd Dist. No. 14-89-30, 1991 Ohio App. LEXIS 1402; State v. Dalchuk, 9th Dist. No. 21422, 2003-Ohio-4268.
 {¶ 15} Therefore, we find appellant's second assignment of error well taken.
 {¶ 16} Appellant's third assignment of error states: "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED THIS CASE WITHOUT INQUIRING INTO THE CIRCUMSTANCES SURROUNDING THE ALLEGED DISCOVERY RULE VIOLATION."
 {¶ 17} In appellant's third assignment of error, appellant characterizes the trial court's decision as the imposition of a sanction for a discovery violation via Crim.R. 16. According to Crim.R. 16(E)(3), a trial court may impose sanctions for the failure to provide discovery material. Although we have previously set forth the standard of review on a motion to dismiss as de novo, a trial court's imposition of a discovery sanction will not be reversed absent an abuse of discretion.State v. Parson (1983), 6 Ohio St.3d 442, 445. Therefore, a trial court's discovery sanction will not be overturned unless it was unreasonable, arbitrary or unconscionable. State v. Engle,166 Ohio App.3d 262, 2006-Ohio-1884, at ¶ 7.
 {¶ 18} However, our review of appellant's third assignment of error does not turn on the arbitrariness or unreasonableness of the trial court's decision because the trial court failed to follow proper procedure. "A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." Lakewood v.Papadelis (1987), 32 Ohio St.3d 1, at paragraph two of syllabus.
 {¶ 19} In the instant case, the trial court granted appellee's motion to dismiss the day after it was filed. Appellant was denied any opportunity to respond prior to the ruling. A decision on an alleged discovery violation without inquiry is inappropriate and proper for reversal on appeal. See, Engle, supra, at ¶ 9.
 {¶ 20} Appellant's third assignment of error is well taken.
 {¶ 21} Appellant's fourth assignment of error states: "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED THIS CASE WITH PREJUDICE."
 {¶ 22} The trial court ordered the preservation of "any and all 911 calls, regardless of length, on or about August 22, 2005, as well as the ACSO Dispatch logs and journals dealing with this incident."
 {¶ 23} Apparently there were some compatibility problems implementing a new phone system at the Ashtabula County Sheriff's Department. As a result of these gliches, calls were not recorded for a period of time until late 2005. According to a written affidavit of Detective Jeff Lewis, Ashtabula County Sheriff's Department, "any call that the Defendant may have made to the 911 system or to the Sheriff's Department would not have been recorded."
 {¶ 24} Appellee argues the affidavit of Detective Lewis is insufficient to overcome the appellant's burden to preserve the evidence because the affidavit is not specific as to calendar time. While it is true the affidavit states the recording system malfunctioned until "late 2005," the affidavit also states specifically that appellee's phone call would not have been recorded. The failure to pinpoint a specific date when the system began to properly record does not necessarily lead to the conclusion that appellant destroyed the subject evidence. In addition, appellee failed to demonstrate that the evidence was not obtainable by other means. Certainly, appellee could call the 911 operator to testify as to the circumstances of the 911 call.
 {¶ 25} "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood
(1988), 488 U.S. 51, 58. A defendant is also charged with the burden of proving the destroyed or lost evidence was exculpatory in nature.State v. Sanders (1998), 130 Ohio App.3d 789, 796. However, "where a defendant moves to have evidence preserved and that evidence is nonetheless destroyed by the state in accordance with its normal procedures," the burden shifts back to the state to prove the evidence was not exculpatory. State v. Benton (2000), 136 Ohio App.3d 801, 805.
 {¶ 26} In the instant case, the questions of whether or not the evidence was exculpatory and whose burden it was to prove the nature of the evidence are irrelevant and unable to be answered because the requested evidence never existed. It was not destroyed in bad faith. It was not lost in a negligent fashion. It never existed. It is illogical to punish the state for failing to preserve that which never existed.
 {¶ 27} For the reasons stated in the Opinion of this court, it is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur.
[1] Appellee cites State v. Reed, 7th Dist. No. 04 MA 236,2005-Ohio-2925, in support of this position. Reed, however, is quite distinguishable from the case at bar as it involved the withdrawal of a guilty plea pursuant to Crim.R. 32.1.