DECISION. *Page 2 
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals a judgment of the trial court that dismissed the state's case against defendant-appellee Ean Siemer as a sanction for a discovery violation. For the following reasons, we reverse the trial court's judgment.
 {¶ 2} Siemer was arrested and charged with violations of R.C. 4511.19, operating a motor vehicle while intoxicated. Prior to trial, Siemer filed a motion requesting that the state preserve and produce all video and audio tapes pertaining to the investigation. The state provided Siemer with a copy of the videotape from the arresting officer's police cruiser.
 {¶ 3} Siemer filed a motion to suppress. The trial court partially granted the motion and suppressed the results of a horizontal gaze nystagmus field-sobriety test. The case proceeded to trial, where the state presented testimony from the arresting officer, Ohio State Highway Patrol Trooper Thomas Bloomberg. On cross-examination, Trooper Bloomberg referred to statements made by Siemer that were not on the videotape that Siemer had been given. Upon further questioning, it was revealed that neither the state nor Siemer had been given a complete copy of the cruiser's videotape. Approximately 20 minutes of the original videotape had not been provided to the state, and in turn had not been provided to Siemer, when the state copied its tape.
 {¶ 4} Following this discovery, Siemer moved for dismissal of the case, or, in the alternative, that he be allowed to reopen his motion to suppress or be granted a mistrial. The state requested a continuance so that Siemer could better prepare his defense. The trial court, after hearing brief arguments from each party, granted *Page 3 
Siemer's motion to dismiss. The state has appealed, arguing in its sole assignment of error that the trial court abused its discretion in granting Siemer's motion to dismiss.
 {¶ 5} Crim.R. 16 governs discovery, and it provides that a trial court may impose various sanctions when a party has committed a discovery violation. Specifically, Crim.R. 16(E)(3) states that "[i] f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 6} The Ohio Supreme Court discussed the imposition of sanctions for discovery violations in detail in Lakewood v. Papadelis.[1]Lakewood involved a discovery violation committed by the defendant. As a sanction, the trial court had excluded the testimony of all the defendant's witnesses, thus denying him the right to present a defense.
 {¶ 7} The Lakewood court set forth a balancing test between the state's interest in pretrial discovery and the defendant's constitutional rights. When employing the balancing test, a trial court should consider "the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions."[2] The Lakewood court held that, when imposing sanctions under Crim.R. 16, a trial court must inquire into the circumstances surrounding a *Page 4 
discovery violation and "must impose the least severe sanction that is consistent with the purpose of the rules of discovery. "[3]
 {¶ 8} But the court further noted that "the foregoing balancing test should not be construed to mean that the exclusion of testimony or evidence is never a permissible sanction in a criminal case. It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible."[4] This concern noted by the Lakewood court does not arise in cases involving a discovery violation committed by the state, as exclusion of the state's witnesses and evidence most likely will not deny a defendant his or her constitutional rights.
 {¶ 9} We recognize that the Lakewood balancing test was created in the context of a discovery violation committed by the defendant. ButLakewood is nonetheless relevant and equally applicable to cases involving discovery violations committed by the state.[5] Applying the balancing test to the facts of this case, we review the trial court's decision to dismiss the charges against Siemer as a discovery sanction for an abuse of discretion.[6] An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[7]
 {¶ 10} In this case, the state's initital discovery violation was not committed willfully or intentionally. The state had not knowingly provided Siemer with an *Page 5 
incomplete copy of the videotape, but had given Siemer an exact copy of the videotape in its possession. The record does indicate that the state first became aware that it had not received a complete copy of the videotape from Trooper Bloomberg, and hence that it had not provided a complete copy to Siemer, on the morning of the second day of trial. But the state did not provide this information to Siemer, and it was not revealed until the cross-examination of Trooper Bloomberg. The state's failure to inform Siemer of this information was a willful violation of its duty to supplement discovery.[8] But given that the initial violation was not willful, that the trial court's sanction frustrated the state's interest in prosecuting those who drive while under the influence, and that Siemer's constitutional rights would have still been protected by a less severe sanction, we conclude that the trial court abused its discretion in granting Siemer's motion to dismiss.[9]
 {¶ 11} The state's first assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with the law and this decision.
Judgment reversed and cause remanded.
SUNDERMANN, P.J., and CUNNINGHAM, J., concur.
[1] Lakewood v. Papadelis (1987), 32 Ohio St.3d 1,511 N.E.2d 1138.
[2] Id. at 5.
[3] Id.
[4] Id.
[5] See State v. Jennings, 1st Dist. No. C-030839, 2004-Ohio-3748;State v. Palivoda, 11th Dist. No. 2006-A-0019, 2006-Ohio-6494; State v.Shutes, 8th Dist. No. 86485, 2006-Ohio-1940; State v. Engle,166 Ohio App.3d 262, 2006-Ohio-1884, 850 N.E.2d 123; State v. Thacker, 2nd Dist. Nos. 2004-CA-38 and 2004-CA-57, 2005-Ohio-2230; State v. Wilson, 6th Dist. No. L-02-1178, 2003-Ohio-2786; State v. Savage, 10th Dist. No. 02AP-202, 2002-Ohio-6837; State v. Hoschar, 5th Dist. No. 2001CA00322, 2002-Ohio-4413; State v. Pitts, 4th Dist. No. 99 CA 2675, 2000-Ohio-1986.
[6] State v. Parson (1983), 6 Ohio St.3d 442, 445,453 N.E.2d 689.
[7] State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
[8] See Crim.R. 16(D).
[9] See State v. Jennings, supra, 2004-Ohio-3748, at ¶ 6. *Page 1