OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals the decision of the Mahoning County Court of Common Pleas dismissing the indictment of defendant-appellee Antonio Crespo for alleged discovery violations on the part of the prosecutor's office. The issue that must be decided by this court is whether the trial court erred in dismissing the indictment. For the reasons stated below, the decision of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} On October 11, 2001, the state charged Crespo by secret indictment with Gross Sexual Imposition, a violation of R.C.2907.05(A)(4)(B). It was alleged that on August 14, 2001, at a church in Mahoning County, Crespo touched a minor on the buttocks, her chest, and her private area. He was subsequently arraigned on November 20, 2001.
 {¶ 3} The day after his arraignment, Crespo filed a notice of request for discovery and bill of particulars. On November 27, 2001, Crespo received the Indictment, witness statements, police reports, and reports from the Children Services Bureau. When he still had not received a bill of particulars, Crespo moved for discovery sanctions and once again requested a bill of particulars. The trial court held a hearing on May 21, 2002 regarding the motion and ordered the state to hand over a bill of particulars within seven days. The state failed to comply with that order.
 {¶ 4} On August 13, 2002, Crespo filed a supplemental motion for bill of particulars. The court again ordered the state to produce a bill of particulars by January 17, 2003. Crespo still did not receive a bill of particulars, so on January 22, 2003, Crespo moved to dismiss the indictment based upon the discovery violation. On January 23, 2003, the state untimely filed a bill of particulars. That same day, the trial court sustained Crespo's motion and dismissed the indictment. The state timely appealed raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 5} "The trial court erred in dismissing the indictment as a sanction against the state without a hearing to determine if it was the least severe sanction."
 {¶ 6} The state's assignment of error asks this court to determine whether a court has the authority to dismiss an indictment without a hearing to determine if dismissal is the least severe sanction. The state argues by citing Lakewood v.Papdelis (1987), 32 Ohio St.3d 1, that the trial court must impose the least severe sanction. As such, according to the state, since dismissal was not the least severe sanction, the trial court erred in dismissing the indictment.
 {¶ 7} We find two problems with the state's arguments. First, it is based on the erroneous assumption that "the least severe sanction" is some kind of litmus test to determine the appropriateness of a sanction. The second problem is that it attempts to twist the syllabus of the Ohio Supreme Court inLakewood v. Papadelis (1987), 32 Ohio St.3d 1, to somehow have applicability to the instant appeal even though the facts are significantly distinguishable.
 {¶ 8} In Lakewood, the Court held in paragraph two of its syllabus that: "A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." Common sense dictates that the foregoing holding does not mean that a trial court must impose the "least severe sanction" in every case. Otherwise, dismissal of an indictment could never be an appropriate sanction as there will always be a sanction less severe. Similarly, a jail term for contempt could be eliminated as an option because there are a plethora of less severe sanctions available.
 {¶ 9} Moreover, the holding in Lakewood must be read in conjunction with its facts. In Lakewood, the defense failed to respond to the prosecution's demand for discovery. During trial, the state objected when the defense called its first witness on the ground that the state had not been provided a witness list. The trial court then excluded the testimony of all defense witnesses as a sanction for the failure of the defense to comply with the state's discovery demand.
 {¶ 10} In that context, the court in Lakewood discussed a balancing test between a defendant's constitutional rights and the state's interest in pre-trial discovery, and concluded that "the foregoing balancing test should not be construed to mean that the exclusion of testimony or evidence is never a permissible sanction in a criminal case. It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible." Id. at 5.
 {¶ 11} It is difficult to extend that same rationale in a case where the sanction is imposed on the prosecution. For example, it would be rare that a ruling imposing a sanction against the state would deny a defendant of "his or her constitutional right to present a defense" when it more logically would improve the ability to present a defense. Therefore, the holding in Lakewood is not directly applicable in cases where sanctions are imposed upon the prosecution. To the extent thatLakewood stands for the proposition that a trial court should weigh the interests and rights of an accused with the interests of the state prior to considering a sanction against the state, it is applicable. The trial court should then apply the least severe sanction appropriate to the circumstances of the case, the severity of the offending conduct, and the impact of the offending conduct upon the ability of an accused to present a defense.
 {¶ 12} Here, defendant first requested a bill of particulars on November 21, 2001. This was ignored by the prosecutor's office. On April 2, 2002, defendant moved for sanctions. This was also ignored by the prosecutor's office. On May 21, 2002, and after a hearing on sanctions, the trial court ordered the state to deliver a bill of particulars to defendant by May 28, 2002. This was ignored. On August 12, 2002, defendant filed a supplemental motion for a bill of particulars. On January 16, 2003, the date the criminal case was to go to trial, the trial court continued the trial and ordered the prosecutor's office to file a bill of particulars the next day. Again, the court's order was ignored. On January 23, 2003, over 422 days after defendant first requested a bill of particulars, after at least two specific court orders, after at least two hearings, and after several trial continuances, the trial court dismissed the indictment noting: "The court has attempted, on numerous occasions, to impose the least restrictive sanction against the state. This has resulted in numerous continuances of the case. These sanctions have fallen on deaf ears." (01/23/03 Trial Court J.E., pg.3).
 {¶ 13} The facts here, therefore, are vastly different and more flagrant than the facts in Lakewood. The trial court attempted to goad the state into compliance without success. The fact that it dismissed the indictment without a hearing is of no consequence since the prosecutor attended several hearings and was ordered several times to furnish a bill of particulars and chose to ignore each and every one of them. Moreover, the court is not required to always impose the least severe sanction against the state. It is merely required to impose a sanction that is reasonably related to the offensive or non-compliant conduct and the impact of that conduct upon the ability of the accused to present a defense. The trial court met that standard. Accordingly, the trial court's decision should stand.
 {¶ 14} For the foregoing reasons, the decision of the trial court is hereby affirmed.
Donofrio, J., concurs; see concurring opinion.
DeGenaro, J., dissents; see dissenting opinion.