JOURNAL ENTRY
The prior Journal Entry and Opinion of this court released on January 12, 2006, contained an error on the cover page. The names of the Plaintiff-Appellant and the Defendant-Appellee were switched.
This page should have read as the Plaintiff-Appellant being the State of Ohio; and as the Defendant-Appellee being Gerald Warfield.
IT IS HEREBY ORDERED that said Journal Entry and Opinion of January 12, 2006, be amended nunc pro tunc to correct the error set forth above. The Amended Journal Entry and Opinion, nunc protunc January 12, 2006, is attached.
IT IS FURTHER ORDERED that, as so amended, said Journal Entry and Opinion of January 12, 2006 shall stand in full force and effect as to all its particulars.
Sweeney, P.J., and Corrigan, J., concur.
 JOURNAL ENTRY and OPINION {¶ 1} Appellant, the State of Ohio, appeals the trial court's dismissing with prejudice the indictment against Appellee Gerald Warfield. On appeal, the State assigns the following error for our review:
{¶ 2} "I. The trial court erred and abused its discretion indismissing the indictment with prejudice."
 {¶ 3} Having reviewed the record and pertinent law, we reverse the trial court's decision. The apposite facts follow.
 {¶ 4} On January 19, 2005, the Cuyahoga County Grand Jury indicted Warfield for one count of extortion and one count of aggravated menacing. Warfield pled not guilty at his arraignment. Thereafter, on January 26, 2005, Warfield filed motions for discovery, bill of particulars and request for disclosure of specific intention to use evidence.
 {¶ 5} On February 9, 2005, at the conclusion of a pretrial conference, the trial court issued the following journal entry:
"Pretrial was had with Prosecutor and Defense Counselparticipating on Wednesday, February 9, 2005. The Defendant filedfor discovery on January 26, 2005 and to date the State hasmade no response whatsoever for that request for discovery. TheState is hereby ordered to make a full and complete response tosaid discovery demand with no exception no later thandelivery to defense counsel on February 17, 2005 at 9:00 A.M.which is the next pretrial in this case. This discovery willinclude actual production of the rent receipt, which thecomplaining witness claims to have received from the Defendantand claims to have turned over to the Cleveland Police. If theState of Ohio has not fully complied with this order relative tocomplete discovery by February 17, 2005, this case will bedismissed with prejudice. The Defense Counsel is ordered to makea written response to any request for discovery filed by theState of Ohio no later than February 22, 2005. The next pretrialis set for February 17, 2005 at 9:00 A.M. A hearing will be heldat the conclusion of the morning on whether the State of Ohio hasfully complied with this order as to discovery and whether thecase will proceed or be dismissed with prejudice. Trial is herebyset for March 3, 2005 at 9:00 A.M."[1]
 {¶ 6} At the pretrial conference on February 17, 2005, the State indicated that it had provided written response to Warfield's discovery request, but could not produce the physical evidence of the pivotal rent receipt. At the conclusion of the compliance hearing, the trial court dismissed the indictment with prejudice.
 DISMISSAL OF INDICTMENT {¶ 7} In its sole assigned error, the State argues the trial court erred and abused its discretion by dismissing the indictment with prejudice. We agree.
 {¶ 8} Our standard of review is discretion. We give substantial deference to the trial court unless we determine that the court's ruling was an abuse of discretion.[2] The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that implies that the court's attitude is unreasonable, arbitrary or unconscionable.[3] The State and the defense spent a considerable amount of time discussing Crim.R. 48, the Dismissal Rule. However, we are not persuaded that this rule applies. The issue in this case is whether the trial court may use the most severe sanction against the State for its failure to comply with discovery. Crim.R. 16(E)(3) vests trial courts with broad discretion when non-compliance with discovery is shown. This rule provides that the trial court may order such non-complying party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
 {¶ 9} The historical law is that the trial court may not dismiss a case against a party who has failed to respond to discovery requests unless the record reflects willfulness or bad faith on the part of the party who has failed to respond.[4]
 {¶ 10} Here, the record before us reveals the trial court ordered the State to make a full and complete response to Warfield's request for discovery. One of the key components of the discovery request was the production of a rent receipt, which the complaining witness claimed to have received from Warfield and claimed to have turned over to the police. At the compliance hearing, the State hearing, the State claimed, that despite its best efforts, it was unable to produce the pivotal rent receipt.
 {¶ 11} The following exchange took place at the hearing:
"The Court: You talked to Detective Pirinelli and he said hewas not bringing it?
 Ms. Cameron: That's correct, but I talked with him last week.
 The Court: Oh, okay was there a reason why he was refusing tobring it?
 Ms. Cameron: He's not on duty now and he doesn't have asubpoena so he wasn't going to come down to court.
 The Court: You're saying a week ago he said I won't bring itbecause I'm not under subpoena?
 Ms. Cameron: He told me on February 11th.
 The Court: That he's not on duty today and he wouldn't bringit without a subpoena?
 Ms. Cameron: Yes.
 The Court: Did you issue a subpoena?
 Ms. Cameron: No, Your Honor, I didn't have authorityto."[5]
 {¶ 12} We have carefully reviewed the entire record, and found no indication that the State's failure to abide by the discovery request and order of the court was done willfully or was motivated by bad faith. Thus, the use of the most extreme sanction, that of dismissing the case with prejudice, denotes an abuse of discretion.
 {¶ 13} We are mindful that the trial court had sufficient evidence before it that the Prosecutor had not diligently sought to obtain the evidence and present it to the defense. Nevertheless, it appears to this court under those circumstances that the trial court could have held the Prosecutor in contempt, prevented the introduction of the rent receipt into evidence, or barred testimony of its existence.
 {¶ 14} While failures to comply with the rules of discovery should not go unpunished, a court must impose the least severe sanction consistent with the purpose of the rules of discovery.[6] Here, the trial court's decision to dismiss the indictment went beyond the least severe sanction consistent with the purpose of the rules of discovery. The decision was too severe and constitutes an abuse of discretion given the nature of the infraction. Accordingly, we sustain the State's sole assigned error.
Judgment reversed.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Corrigan, J., concur.
[1] Judgment Entry.
[2] State v. Tankersley (1998), Cuyahoga County App. Nos. 72398 and 72399.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[4] Toney v. Berkemer (1983), 6 Ohio St.3d 455, syllabus; see, also, Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371.
[5] Tr. at 5-6.
[6] City of Lakewood v. Papadelis (1987), 32 Ohio St.3d 1.