JOURNAL ENTRY AND OPINION. *Page 3 
{¶ 1} Appellant State of Ohio appeals the judgment of the trial court that dismissed the indictment against appellee Sabrina Simmons. The trial court imposed the sanction against the State for a discovery violation. The State of Ohio assigns the following error for our review:
 "I. The trial court erred and abused its discretion in dismissing the indictment with prejudice."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 DISMISSAL OF INDICTMENT {¶ 3} In May 2005, the Cuyahoga County Grand Jury indicted Simmons for two counts of theft, with elderly specifications, along with one count each of forgery, uttering, and tampering with evidence. On July 26, 2006, Simmons pled not guilty at her arraignment; on July 31, 2006, Simmons filed her Motions for Discovery and Bill of Particulars.
 {¶ 4} After several pre-trial conferences, the trial court scheduled her trial for the first time on October 17, 2006. On October 17, 2006, at the State's request, the trial court continued the trial to November 20, 2006.
 {¶ 5} At the November 20, 2006 trial, the court called the case for trial and the State announced that it was ready to proceed. Regardless of the State's indication, the defense moved to dismiss the indictment on the grounds that the State had failed to comply with discovery and, more importantly, the State for the first time informed *Page 4 
the defense that the victim was deceased. The record is unclear when the victim died, or when the State became aware of her death.
 {¶ 6} At the trial, Simmons' counsel stated that on July 31, 2006, he filed his Motion for Discovery and a Bill of Particulars. The State failed to comply with his discovery request and asked for a continuance.
 {¶ 7} The record establishes that on November 17, 2006, the State filed its response to the Bill of Particulars and alleged that it faxed a forty (40) page document to the defense. This action of the State was an attempt to comply with the defense's discovery request.
 {¶ 8} At the hearing, defense counsel stated the following:
 Mr. Smith: I checked the fax today. I am in receipt of 8, 9, 10, pages including the cover page with regard to this. That is it. It's impossible, assuming there are 40 pages of discovery to be provided, for me to go forward. And it's no fault of myself or my client, Your Honor. As indicated by the prosecutor, the victim was reimbursed. If the bank is so strong in going after my client, well, it's up to them to provide the State of Ohio with the right documents within a reasonable amount of time to get this case prepared and allow her the right to fair trial. They didn't do it. That was their choice. This was not our choice. I had no way of contacting any of these people at all, which I have a right to do, Your Honor. I am asking for a dismissal. We're done here — This case has been pending forever. As I indicated, my discovery was filed July 31st. This is a different season, Your Honor. Thank you.
 The Court: I will note the State's position. I would strongly — Actually, I would more than strongly disagree that the State of Ohio has made anything close to a concerted effort to respond to discovery for this particular defendant or defense counsel. * * * With all due respect, I couldn't set it out on the record *Page 5 
any better than Mr. Smith has already done. * * * This case is dismissed with prejudice. The Defendant's motion to dismiss is well taken and granted."[1]
 {¶ 9} The State pointed out that it received the forty-page discovery from the bank on November 17, 2006. The implication being that this was the first time it had received the documents.
 {¶ 10} When the State was informed of the defense counsel's failure to receive the documents, the State failed to establish that the documents existed; the State did not attempt to comply by offering the documents to the court at the moment, or to produce the face sheet of the facsimile, assuming one existed. In light of this inaction by the State, the trial court could have inferred that the documents did not exist, or that the State was avoiding disclosure of the documents.
 {¶ 11} The Ohio Supreme Court has held that Crim.R. 16(E)(3) provides for the appropriate sanction for a discovery violation.[2] Crim.R. 16(E)(3) makes clear that a trial court may make any order of sanction that it deems just under the circumstances. Our review of an order of sanction by the trial court is an abuse of *Page 6 
discretion.[3] The trial court abuses its discretion when it imposes a sanction that is not consistent with the purpose of the rules of discovery.[4]
 {¶ 12} This court has held a dismissal of an indictment with prejudice is an available sanction for the trial court, although it may be viewed as the most severe.[5] We have attempted to understand, reason, and distinguish City of Lakewood v. Papadelis[6] Some courts have reconciled that although the City of Lakewood v. Papadelis involved the most severe sanction against a defendant, i.e., exclusion of all defense witnesses except the defendant, it remained relevant and applicable to state discovery violations.[7]
 {¶ 13} In State v. Warfield,[8] we recognized that the balancing test of City of Lakewood v. Papadelis applies when the discovery violation is committed by the *Page 7 
State. Both parties in this case rely on State v. Warfield[9] Statev. Warfield, was decided on the same day as State v. Larkin,[10] and we have reiterated the balancing test in State v. Shutes,[11] which was decided after State v. Larkin and State v. Warfield. We also note that the Ohio Supreme Court refused discretionary review of State v.Larkin.
 {¶ 14} Consequently, we conclude that in view of this case law, a trial court may dismiss an indictment with prejudice as an appropriate sanction for the State's failure to comply with a discovery request. In order for the trial court to impose a sanction for a discovery violation, it must review several factors.[12]
 {¶ 15} In this case, the State's discovery violation involved at least two of the City of Lakewood v. Papadelis factors, i.e., the State's violation of the discovery rules as an act of bad faith and the effectiveness of less severe sanctions. The State did not contest whether its action constituted bad faith. It did argue rather that the trial court should have adopted a less severe sanction. *Page 8 
 {¶ 16} We conclude that the State acted in bad faith in its discovery violation and a less severe sanction would not have been effective. Based on the record, the State did not respond to the defense's claim that it had not received the forty (40) pages. The State did not offer the documents during the defense counsel's motion to dismiss or produce it for the trial court's review. Additionally, we are most concerned that the State did not inform the defense of the victim's death until the day of the trial.
 {¶ 17} Consequently, the trial court could have concluded that either the documents did not exist, or that the State was avoiding disclosure of the documents. Accordingly, we conclude that dismissal of the indictment with prejudice was not an abuse of discretion and was consistent with the purposes of the discovery rules.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia Ann Blackmon, Judge.
Christine T. McMonagle, P.J., and Frank D. Celebrezze, Jr., J., concur.
[1] Tr. at 2-7.
[2] City of Lakewood v. Papadelis (1987), 32 Ohio St.3d 1.
[3] State v. Parson (1983), 6 Ohio St.2d 151.
[4] City of Lakewood v. Papadelis, p. 13.
[5] State v. Larkin, Cuyahoga App. No. 85877, 2006-Ohio-90.
[6] (1987), 32 Ohio St.3d 1.
[7] State v. Siemer, 2007-Ohio-4600, citing the following: State v.Jennings, 1st Dist. No. C-030839, 2004-Ohio-3748;State v. Palivoda, 11th Dist. No. 2006-A-0019,2006-Ohio-6494; State v. Shutes, Cuyahoga App. No. 86485, 2006-Ohio-1940; State v. Engle, 166 Ohio App.3d 262, 2006-Ohio-1884;State v. Thacker, 2nd Dist. Nos. 2004-CA-38 and 2004-CA-57, 2005-Ohio-2230; State v. Wilson, 6th Dist. No. L-02-1178, 2003-Ohio-2786; State v. Savage, 10th
Dist. No. 02AP-202, 2002-Ohio-6837; State v. Hoschar, 5th
Dist. No. 2001CA00322, 2002-Ohio-4413; State v. Pitts, 4th Dist. No. 99 CA 2675, 2000-Ohio-1986.
[8] Cuyahoga App. No. 86055, 2006-Ohio-935.
[9] Id.
[10] Cuyahoga App. No. 85877, 2006-Ohio-90.
[11] Cuyahoga App. No. 86485, 2006-Ohio-1940.
[12] City of Lakewood v. Papadelis, p. 12 (factors are: extent of the State's surprise or prejudice by the defense witness' testimony, impact of the witness' preclusion on the outcome of the case, bad faith or willfulness in violating the rules, and the effectiveness of lesser severe sanctions). within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1). *Page 1