The STATE of Ohio, Appellant,

v.

JONES, Appellee.

[Cite as State v. Jones, 183 Ohio App.3d 189, 2009-Ohio-2381.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91846.

Decided May 21, 2009.

190

William D. Mason, Cuyahoga County Prosecuting Attorney, and Brad S. Meyer, Assistant Prosecuting Attorney, for appellant.

Vicki Lynn Ward, for appellee.

---

SEAN C. GALLAGHER, Presiding Judge.

{¶ 1} Appellant, the state of Ohio, appeals the decision of the Cuyahoga County Common Pleas Court that granted the motion in limine of appellee, Kenisha Jones. For the reasons stated herein, we affirm.

{¶ 2} Jones was indicted on February 8, 2008, on one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree. The charge was for theft from the Cuyahoga County Employment and Family Services and/or state of Ohio, with the value of the property being at least $500 but less than $5,000.

{¶ 3} Jones entered a plea of not guilty to the indictment. On April 4, 2008, Jones filed a motion for discovery. Among other items, she requested any written or oral statements made by her, the names and addresses of any witnesses the state intended to call at trial, and any documents "which may be material to the proper preparation of her defense," including investigative reports relating to the case. The state failed to respond to the discovery request, and Jones filed a motion to compel discovery. In her motion, Jones specifically requested that the state provide "the application for child care from ODCFS and the recording of the Appeal Hearing for child care."

{¶ 4} The case was called for trial on July 22, 2008, and the state still had not complied with Jones's discovery request and motion to compel. Nevertheless, the state indicated that it planned to call two witnesses, Kevin McDonald and Reginald Miller. It also intended to produce "the defendant's form dated 11/22/05, a Social Service's verification for Tyrone Oliver, defendant's renewal of benefits dated 6/28/06, and review of benefits dated 10/6/06." Defense counsel explained that she had not been provided with the names of the witnesses and items of evidence until the morning of trial. In addition, she stated that less than an hour before trial, she was provided with a statement that was made by her client. Defense counsel moved to exclude one of the witnesses, Reginald Miller, and all of the documents, except the November 22, 2005 application for benefits. Defense counsel was aware of the items of which she did not move for exclusion.

{¶ 5} The state argued that the least severe sanction, being a continuance of trial, should be imposed. The trial court expressed its belief that the failure to provide the discovery was not intentional. However, the court found that the failure by the state to disclose its evidence resulted in the inability of Jones to prepare an adequate defense, as well as an unfair surprise and prejudice to

Jones. The court ordered the exclusion of the evidence that had not been produced, except for the testimony of Kevin McDonald and Jones's application of November 22, 2005. The state filed the instant appeal from the trial court's ruling.

{¶ 6} The state raises one assignment of error for our review that provides as follows: "The court erred under Crim.R. 16 when it excluded the defendant-appellee's renewal of benefits forms dated 6/28/06 and 10/6/06, the Social Services Verification for Tyrone Oliver, and witness Reginald Miller."

{¶ 7} The parties first dispute whether the trial court's ruling constitutes a final, appealable order. Although orders in limine are typically not final, appealable orders, an exception exists where the granting of such a motion "restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." *State v. Cheesbro* (Mar. 4, 1996), Adams App. No. 95 CA 591, 1996 WL 107435, quoting *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, syllabus. Under those circumstances, the trial court's resolution of the motion in limine constitutes a final, appealable order. Id.

{¶ 8} The state argues that the documents and witness excluded by the trial court make it impossible for the state to prove its case. Jones asserts that the trial court did not exclude all documents and witnesses. Our review reflects that the trial court eliminated nearly all of the state's evidence, including one of its two witnesses and documents that would be essential to proving the state's case. Thus, for all practical purposes, the trial court's order destroyed any reasonable possibility of effective prosecution. Accordingly, we find that the trial court's order is a final, appealable order, and we proceed to address the merits of the appeal.

{¶ 9} The state argues that the trial court abused its discretion when it excluded one witness and three of the documents. The state contends that the court should have granted a continuance, because the trial court "must impose the least severe sanction that is consistent with the purpose of the rules of discovery," citing *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138, paragraph two of the syllabus. Jones asserts that under the circumstances herein, exclusion of the evidence was an appropriate sanction.

{¶ 10} The holding in *Lakewood* must be read in conjunction with its facts. In *Lakewood*, the defense failed to respond to the prosecution's demand for discovery. At trial, the state objected when the defense called its first witness, arguing that the state had not been provided with a witness list. The trial court then excluded the testimony of all defense witnesses as a sanction for the failure to

respond to the state's discovery request. The defense attorney proffered the testimony of the two witnesses he was precluded from calling.

{¶ 11} The Ohio Supreme Court explained that the excluded testimony was material and relevant to the offense charged, and if believed, the defendant may have been acquitted. Consequently, the court concluded that the exclusions denied the defendant his Sixth Amendment right to present a defense. The court recognized that the state has a compelling interest but explained that any infringement on a defendant's constitutional rights caused by a sanction must be afforded great weight. The court held that "a trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." The court also stated: "We emphasize that the foregoing balancing test should not be construed to mean that the exclusion of testimony or evidence is never a permissible sanction in a criminal case. It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible."

{¶ 12} The Seventh District Court of Appeals addressed *Lakewood*, stating that "[c]ommon sense dictates that the [holding in *Lakewood*] does not mean that a trial court must impose the 'least severe sanction' in every case." *State v. Crespo*, Mahoning App. No. 03 MA 11, 2004-Ohio-1576, 2004 WL 615705. The *Crespo* court observed that *Lakewood* was distinguishable from situations where the state fails to provide discovery, because it was unlikely that an exclusion of the state's evidence would affect the accused's ability to present a defense. The court held that "the court is not required to always impose the least severe sanction against the state. It is merely required to impose a sanction that is reasonably related to the offensive or non-compliant conduct and the impact of that conduct upon the ability of the accused to present a defense." Id. See also *State v. Simmons*, Cuyahoga App. No. 89119, 2008-Ohio-682, 2008 WL 451860 (upholding dismissal of indictment because the state's discovery violation was an act of bad faith and a less severe sanction would not have been effective); *State v. Larkins*, Cuyahoga App. No. 85877, 2006-Ohio-90, 2006 WL 60778 (upholding dismissal of indictment for the state's failure to divulge exculpatory evidence).

{¶ 13} Crim.R. 16(E)(3) provides that where a party has failed to comply with the discovery rule or with an order issued pursuant to the rule, "the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."

{¶ 14} In *State v. Wiles* (1991), 59 Ohio St.3d 71, 78–79, 571 N.E.2d 97, the Supreme Court stated that a trial court has discretion under Crim.R. 16(E)(3) to determine the appropriate response for failure of a party to disclose material

subject to a valid discovery request. See also *State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689. To determine whether a trial court has abused its discretion in dealing with Crim.R. 16 violations, we look to whether (1) the violation was willful, (2) foreknowledge would have benefited the defendant, and (3) the defendant suffered prejudice as a result of the state's failure to disclose the information. *Wiles*, supra.

{¶ 15} Here, Jones filed a motion for discovery on April 4. In May, Jones filed a motion to compel discovery. The trial was continued from July 21 to the next day because the state's witnesses had not appeared. On the morning of July 22, the state provided discovery to defense counsel. Defense counsel asked that one witness and three of the four documents the state intended to present be excluded because of the state's failure to provide discovery in a timely fashion. The court held a hearing on the matter and allowed both the state and the defense to argue. The judge stated that although she did not think that the prosecutor had intentionally withheld the discovery material, she still felt that Jones was placed at an unfair disadvantage and that the least severe sanction was insufficient.

{¶ 16} We find that the trial court did not abuse its discretion when it excluded one of the state's witnesses and three of the four documents. The state had more than three months to respond to Jones's discovery request and motion to compel, as well as numerous pretrials where it could have informed the defense attorney about the second witness and provided the documents. The sanction was reasonably related to the noncompliant conduct. Under the facts of this case, we are compelled to affirm the trial court's decision. The prejudicial effect of a new witness and several new documents showing up on the morning of trial is inescapable.

{¶ 17} When confronted with a discovery violation by either side, the trial court's goal should always be to select a course of action that is fair to both sides, keeping in mind the defendant's constitutional rights and the state's interest in protecting society and prosecuting offenders. The court should impose the least severe sanction that is consistent with the circumstances surrounding the discovery violation and the affect of the discovery violation. See *State v. Warfield*, Cuyahoga App. No. 86055, 2006-Ohio-935, 2006 WL 62570 (finding that the dismissal of the indictment was too severe a sanction when the state could not produce the physical evidence of a pivotal rent receipt).

{¶ 18} The state's sole assignment of error is overruled.

Judgment affirmed.

ROCCO and STEWART, JJ., concur.