FRANK D. CELEBREZZE, JR., J.:
*324 ON RECONSIDERATION[1]
{¶ 1} In this consolidated appeal, plaintiff-appellant, the state of Ohio, appeals from the trial court's dismissal of the criminal case against defendants-appellees, Heriberto Morales Carabello ("Carabello") and Michael Pryor ("Pryor"), without prejudice. Specifically, the state argues that the trial court erred by dismissing the criminal case without holding a hearing and failed to comply with the requirements set forth in Crim.R. 48(B). After a thorough review of the record and law, we affirm.
I. Factual and Procedural History
{¶ 2} This appeal stems from a joint indictment returned against Carabello and Pryor. In Cuyahoga C.P. No. CR-16-603753,[2] the Cuyahoga County Grand Jury returned a three-count indictment on March 17, 2016, charging Carabello and Pryor with felonious assault, in violation of R.C. 2903.11(A)(1), and kidnapping, in violation of R.C. 2905.01(A)(2) ; Count 3 charged Carabello with having weapons while under disability, in violation of R.C. 2923.13(A)(2). The charges pertain to an incident that occurred on February 15, 2016, at a clothing store in Cleveland's Warehouse District where Carabello and Pryor were employed.
{¶ 3} Carabello was arraigned on March 28, 2016; he pled not guilty to the indictment. Pryor was arraigned on March 31, 2016; he pled not guilty to the indictment. Thereafter, the trial court conducted pretrial proceedings during which the matter was set for trial on September 22, 2016.
{¶ 4} On September 22, 2016, after calling the matter for trial, the trial court dismissed the case without prejudice. The trial court's journal entries provide, "case called for trial. Outstanding discovery. Case is dismissed without prejudice. Over state's strenuous objection."
{¶ 5} On September 28, 2016, the state filed the instant appeals, which we consolidated for review, challenging the trial court's dismissal. The state assigns one error for review:
I. The trial court erred when it dismissed these cases without a hearing, and without adhering to the requirements set forth in Crim.R. 48(B).
II. Law and Analysis
A. Crim.R. 48(B)
{¶ 6} In its sole assignment of error, the state contends that the trial court's dismissal failed to comply with the requirements set forth in Crim.R. 48(B). Specifically, the state argues that the trial court failed to state its findings of fact and reasons for dismissing the case on the record.
*325 {¶ 7} Crim.R. 48(B), governing dismissal by the trial court, provides, "[i]f the court over objection of the state dismisses an indictment, information, or complaint, it shall state on the record its findings of fact and reasons for the dismissal." In State v. Busch , 76 Ohio St.3d 613, 669 N.E.2d 1125 (1996), the Ohio Supreme Court explained that Crim.R. 48(B)"does not limit the reasons for which a trial judge might dismiss a case, and we are convinced that a judge may dismiss a case pursuant to Crim.R. 48(B) if a dismissal serves the interests of justice." Id . at 615, 669 N.E.2d 1125.
{¶ 8} As noted above, the trial court's journal entries provide, "case called for trial. Outstanding discovery. Case is dismissed without prejudice. Over state's strenuous objection." Furthermore, regarding the circumstances in which the trial court dismissed the case, Pryor's appellate brief provides, in relevant part,
[o]n September 22, 2016, the case was called for trial. The [s]tate related that it was in the process of producing outstanding discovery. * * * Defense counsel related that Pryor's life had been on hold for six (6) months and wished to go forward. * * * The [c]ourt, based upon the outstanding discovery, notified by the [s]tate on the day of trial, dismissed the case without prejudice and over the [s]tate's strenuous objection.
Pryor's brief at 4-5.
{¶ 9} It is only logical to deduce that these events and discussions took place during some sort of hearing, proceeding, or meeting. There is no transcript of such a hearing, proceeding, or meeting in our record. Ordinarily, in the absence of a complete and adequate record, we must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Wells v. Spirit Fabricating, Ltd. , 113 Ohio App.3d 282, 288-289, 680 N.E.2d 1046 (8th Dist. 1996). If these events and discussions took place during an informal proceeding at which a court reporter was not present, the state had the option to provide a narrative statement of the proceedings, pursuant to App.R. 9(C), or an agreed statement, pursuant to App.R. 9(D). See Cleveland v. Wilson , 2017-Ohio-540, 85 N.E.3d 299, ¶ 6.
{¶ 10} The state insists that a hearing never took place and that it was error for the trial court to dismiss the case without holding a hearing. Interestingly, the praecipe filed with the state's notice of appeal requested that the clerk of courts prepare a complete transcript pursuant to App.R. 9(B). The state did not, however, file a transcript. As a result, this court, sua sponte, issued an order indicating that the appeal would proceed on the App.R. 9(A) record. Based on the limited record before this court, we are unable to confirm whether or not a hearing or proceeding of some sort occurred on September 22, 2016.
{¶ 11} Nevertheless, the state's contention that the trial court erred by failing to hold a hearing is misplaced. Crim.R. 48(B) does not require the trial court to hold a hearing when it dismisses a case over the state's objection-the rule only requires the court to state its findings of fact and reasons for the dismissal on the record. Thus, even if the trial court did not hold a hearing, as the state maintains, the court's failure to do so does not constitute reversible error.
{¶ 12} In the context of a Crim.R. 48(B) dismissal, it is sufficient for a trial court to state its reasons in a journal entry. See State v. Bales , 9th Dist. Lorain No. 12CA010311, 2013-Ohio-5780, 2013 WL 6859108, ¶ 11 (trial court complied with Crim.R. 48(B) by listing the reasons for dismissing the charges in its journal entry.).
*326 In other contexts, however, such as imposing consecutive sentences under R.C. 2929.14(C)(4), a trial court must state its findings on the record in open court and incorporate those findings into its sentencing journal entry. See State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.
{¶ 13} In State v. Nihiser , 4th Dist. Hocking No. 03CA21, 2004-Ohio-4067, 2004 WL 1737862, the state challenged the trial court's dismissal of charges against the defendant-appellee. The state did not provide the appellate court with a transcript or an App.R. 9(C) statement of the trial court's proceedings. The Fourth District explained that in reviewing the trial court's dismissal, the appellate court could review the reasons for the dismissal listed in the trial court's journal entry:
although the State has not provided a transcript or App.R. 9(C) statement of the proceedings below, we note that the trial court has plainly stated the reasons supporting its decision in its journalized judgment entry. It is a well settled rule of law that a court speaks only through its journal entries. Kaine v. Marion Prison Warden [, 88 Ohio St.3d 454, 455, 727 N.E.2d 907 (2000) ]. Therefore, we may review the trial court's reasons for dismissal as stated in its journal entry.
Id . at ¶ 12.
{¶ 14} In the instant matter, the trial court's September 22, 2016 journal entries sufficiently set forth the court's reasons for dismissing the case. These journal entries are part of the record before this court. The state essentially argues that the journal entries should have been more thorough. While it is conceivable that the trial court's journal entries could have been more detailed, we find that the court fulfilled its obligation to set forth the reasons for dismissing the case.
{¶ 15} Accordingly, we find no merit to the state's argument that the trial court failed to comply with Crim.R. 48(B) in dismissing the criminal case.
B. Discovery
{¶ 16} The state further argues that the trial court erred by failing to hold a hearing to determine (1) whether a discovery violation occurred or (2) the least restrictive sanction that was consistent with the discovery rules.
{¶ 17} Initially, we note that the state's argument is premised entirely on the assumption that the trial court dismissed the criminal case based on a discovery violation , rather than the state's failure to complete its discovery filings during the seven months that the case had been pending and/or the untimeliness of the state's supplemental responses to appellees' discovery requests. The record reflects that Pryor filed a demand for discovery on March 31, 2016. On April 26, 2016, the state informed the trial court that it received Carabello's demand for discovery. The state filed its initial responses to appellees' discovery requests on April 29, 2016. Approximately four months later, and within one week of the scheduled trial date, the state filed four supplemental discovery responses on the following dates: (1) September 14, 2016; (2) September 20, 2016 at 9:18 a.m.; (3) September 20, 2016 at 9:25 a.m.; and (4) September 22, 2016-the day that the matter was set and called for trial.
{¶ 18} Crim.R. 16 governs discovery matters in a criminal proceeding. The purpose of this rule is "to provide the parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system, the rights of defendants, and the well-being of witnesses, victims, and society at large." Crim.R. 16(A). Furthermore, Crim.R. 16(L)(1) provides,
*327 [i]f at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
{¶ 19} In Lakewood v. Papadelis , 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), the Ohio Supreme Court held that "[a] trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of the rules of discovery." Id . at paragraph two of the syllabus. In State v. Darmond , 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, the Ohio Supreme Court explained that the Papadelis rationale "applies equally to discovery violations committed by the state and to discovery violations committed by a criminal defendant." Darmond at syllabus.
{¶ 20} In the instant matter, the state contends that the trial court failed to consider the factors set forth in Papadelis . There, the court identified four factors for trial courts to consider in imposing sanctions for discovery violations: "the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions." Id . at 5, 511 N.E.2d 1138 ; see State v. Parson , 6 Ohio St.3d 442, 453 N.E.2d 689 (1983), syllabus (trial courts should consider whether (1) the failure to disclose evidence was a willful violation of Crim.R. 16, (2) foreknowledge of the undisclosed material would have benefitted the accused in preparing a defense, and (3) the accused was prejudiced in determining the appropriate sanction for a discovery violation).
{¶ 21} The state further directs this court to State v. Warfield , 8th Dist. Cuyahoga No. 86055, 2006-Ohio-935, 2006 WL 62570,[3] where the trial court dismissed the indictment with prejudice based on the state's failure to comply with discovery. On appeal, this court determined that Crim.R. 48 did not apply because the issue was "whether the trial court may use the most severe sanction against the [s]tate for its failure to comply with discovery." Id . at ¶ 8. This court recognized that historically, trial courts "may not dismiss a case against a party who has failed to respond to discovery requests unless the record reflects willfulness or bad faith on the part of the party who has failed to respond." Id . at ¶ 9. This court reversed the trial court's dismissal, concluding that the record did not indicate that the state's failure to comply with the defendant-appellee's discovery request and the trial court's discovery order "was done willfully or was motivated by bad faith." Id . at ¶ 12. This court explained that the trial court could have imposed less extreme sanctions for the state's failure to comply with discovery, such as holding the prosecutor in contempt, prohibiting the introduction of the evidence at issue, or barring testimony regarding the evidence. Id . at ¶ 13. Accordingly, this court concluded that the trial court's use of the most extreme sanction-dismissing the indictment with prejudice *328 -was not consistent with the purposes of the rules of discovery and an abuse of discretion. Id . at ¶ 14.
{¶ 22} The instant matter is readily distinguishable from Warfield . The trial court's dismissal was without prejudice, such that the state can reindict Carabello and Pryor. In Warfield , the trial court held a discovery compliance hearing, after which the court dismissed the case with prejudice and issued a journal entry that provided, in relevant part, "state of Ohio not in compliance with full and complete discovery as ordered by the court[.]" Here, the trial court did not hold a discovery compliance hearing. In fact, based on the record before this court, we are unable to identify any specific discovery request or order that the state failed to comply with. The trial court called the matter for trial on September 22, 2016, and, rather than commencing the trial, dismissed the case due to "outstanding discovery." Thus, the state's reliance on Warfield is misplaced.
{¶ 23} As noted above, our record does not contain a transcript or a statement of the proceedings of the September 22, 2016 proceeding-presuming that some type of proceeding occurred-during which the trial court dismissed the case. Even if no proceeding or hearing took place, however, after reviewing the limited record before this court, we are unable to conclude that the trial court abused its discretion by dismissing the case without prejudice.
{¶ 24} The state assumes that the dismissal without prejudice was a more severe sanction than excluding the evidence or discovery materials that were outstanding. However, we note that a dismissal without prejudice is not necessarily a more severe sanction than excluding the evidence or discovery materials that were outstanding. Furthermore, this court has explained that "[g]iven the nature of a dismissal without prejudice, it cannot necessarily be said that a trial court abuses its discretion by dismissing an indictment without prejudice as a sanction for discovery violations where a continuance may have sufficed." S. Euclid v. Fayne , 8th Dist. Cuyahoga No. 101610, 2015-Ohio-1378, 2015 WL 1593174, ¶ 21, citing State v. Craig , 8th Dist. Cuyahoga No. 88313, 2008-Ohio-3978, 2008 WL 3134809, ¶ 13.
{¶ 25} For all of the foregoing reasons, the state's sole assignment of error is overruled.
III. Conclusion
{¶ 26} Based on the record before this court, we find that the state failed to meet its burden of demonstrating that the trial court abused its discretion by dismissing the joint indictment without prejudice. Pursuant to Crim.R. 48(B), the trial court was permitted to dismiss the indictment over the state's objection provided that it stated its reasons for the dismissal on the record. The record reflects that the trial court complied with Crim.R. 48(B) by specifying in its journal entries that the case was dismissed based on outstanding discovery. The trial court was not required to hold a hearing.
{¶ 27} Judgment affirmed.
LARRY A. JONES, SR., J., CONCURS;
PATRICIA ANN BLACKMON, P.J., CONCURS IN JUDGMENT ONLY

The original announcement of decision, State v. Carabello , 8th Dist. Cuyahoga Nos. 105021 and 105022, 2017-Ohio-1455, 2017 WL 2771354, released April 20, 2017, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. See App.R. 22(C) ; see also S.Ct.Prac.R. 7.01.

CR-16-603753-A pertained to Carabello and CR-16-603753-B pertained to Pryor.

Due to a clerical error, the January 12, 2006 opinion was amended nunc pro tunc on February 27, 2006. State v. Warfield , 8th Dist. Cuyahoga No. 86055, 2006-Ohio-935, 2006 WL 62570.