[Cite as *State v. Gibbons*, 2018-Ohio-3307.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 17 CA 108 |
| ERIC GIBBONS | |
| | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 17 CR 448

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 17, 2018

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
PROSECUTING ATTORNEY
JOSEPH C. SNYDER
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

JEFFEREY R. STIFFLER
BADNELL & DICK CO., LPA
21 North Walnut Street
Mansfield, Ohio 44902

*Wise, John, P. J.*

{¶1}    Appellant Eric Gibbons appeals his conviction and sentence entered in the Richland County Court of Common Pleas following a guilty plea to one count of Aggravated Possession of Drugs.

{¶2}    Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}    Appellant Eric Gibbons was an inmate at Richland Correctional Institution, (RICI), serving a sentence for unrelated charges when buprenorphine (suboxone), a Schedule III controlled substance, was found on his person.

{¶4}    On July 11, 2017, Appellant was indicted on one count of Aggravated Possession of Drugs, in violation of R.C. §2925.11(A) and (C)(2)(a), a fifth-degree felony.

{¶5}    On August 8, 2017, Appellant's trial counsel filed a "Motion for Discovery and Notice of Reciprocal Discovery Compliance," requesting discovery from the State.

{¶6}    On August 10, 2017, the State filed a "Rule 16 Discovery Compliance."

{¶7}    The matter was originally set for trial on November 6, 2017, but was subsequently continued by the trial court to December 4, 2017.

{¶8}    On December 1, 2017, Appellant filed a motion *in limine,* seeking the exclusion of evidence he claimed was provided to him by the prosecutor's office on or about December 1, 2017. Counsel for Appellant argued that the newly provided discovery contained additional documentation regarding the controlled substance allegedly found on Appellant's person, as well as disclosing potential new witnesses, information that he claimed he had not been provided previously. In his motion, Appellant's counsel averred that had the information been provided in a timely fashion, (not the Friday prior to the trial

starting that following Monday), his client may have been persuaded to accept a plea deal in exchange for a lesser sentence; or he may have had the opportunity to, after further investigation, potentially file a motion to suppress said evidence.

{¶9}    On December 4, 2017, prior to commencement of the jury trial, the trial court held a brief hearing outside of the jury's presence to consider Appellant's motion *in limine.* The prosecutor conceded that the supplemental discovery had only been provided to Appellant's trial counsel on the Thursday afternoon before trial, but advised the trial court that the only information contained in the supplemental discovery that he intended to use at trial was an updated chain-of-evidence/contraband slip, and a *missing* chain-of-evidence slip from the state trooper involved in the investigation. (T. at 3). The prosecutor further indicated to the court that while there was additional information provided in the supplemental discovery, he did not intend to use any other newly provided evidence, or call any previously undisclosed witnesses, including the person whose name Appellant's counsel claimed was illegible on the original discovery. (T. at 4).

{¶10}  Appellant's trial counsel argued that the chain-of-evidence documents were necessary to prove an essential element of the crime, and because they were not provided in a timely fashion, that evidence should be excluded. (T. at 5). Trial counsel pointed out that the alleged conduct for which Appellant was indicted occurred in September, 2016, over a year before the original trial date and, therefore, the prosecutor had ample time to provide the discovery they intended to introduce at trial. He also alleged that the newly provided chain-of-evidence slip appeared altered. (T. at 4).

{¶11} The trial court overruled Appellant's motion that the newly provided evidence be excluded, finding the State had not violated Crim.R. 16 in failing to timely

provide Appellant and his counsel with discovery. The court held that because the newly provided evidence only related to the chain-of-evidence slips "that shows how it got to where it went", it did not prejudice Appellant to allow the evidence into trial. (T. at 5).

{¶12} Subsequent to the trial court overruling Appellant's Motion *in Limine* and after discussing the matter with his attorney, Appellant opted to change his plea to the indicted offense.

{¶13} Prior to changing his plea, Appellant's trial counsel inquired of the trial judge, asking if he intended to sentence Appellant to six (6) months consecutive to his current sentence or if the sentence would be increased because the Court had to call in a jury. (T. at 6). The court indicated that on drug possession charges occurring while the defendant is incarcerated at a correctional institution, the sentence would typically be six (6) months consecutive to the current sentence being served. (T. at 5). However, in this case, the trial judge further stated, "what I don't like to do is bring an entire jury in and then have a change of plea." (T. at 6). The court continued, "(I)t wouldn't be a year, but I think it should be a little more than six months. Probably eight months as of right now consecutive." (T. at 6).

{¶14} Appellant then withdrew his previously entered plea of not guilty and entered a plea of no contest.

{¶15} The trial court then proceeded to review Appellant's constitutional rights and other requirements of Crim.R. 11. The trial court sentenced Appellant to eight (8) months incarceration, to be served consecutively to his current sentence.

{¶16} Appellant now appeals, raising the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶17}** "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION IN LIMINE, WHICH REQUESTED THAT CERTAIN EVIDENCE BE EXCLUDED DUE TO THE STATE'S FAILURE TO COMPLY WITH CRIM. R. 16.

**{¶18}** "II. THE SENTENCE IMPOSED BY THE TRIAL COURT IS CONTRARY TO LAW."

### I.

**{¶19}** In his first assignment of error, Appellant argues that the trial court erred in overruling his motion *in limine*. We disagree.

**{¶20}** It is well settled law that a decision *in limine* is tentative, interlocutory and in anticipation of the court's ruling during trial. *See McCabe/Marra Co. v. Dover* (1995), 100 Ohio App.3d 139, 160, 652 N.E.2d 236; *Collins v. Storer Communications, Inc.* (1989), 65 Ohio App.3d 443, 446, 584 N.E.2d 766. A grant or denial of a motion *in limine* does not preserve error for appellate review. *State v. Hill* (1996), 75 Ohio St.3d 195, 202-203, 661 N.E.2d 1068. In order to preserve the matter for appeal, the parties must renew their motions or objections at the appropriate time during trial. *See State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523, paragraph three of the syllabus; *State v. Grubb* (1986), 28 Ohio St.3d 199, 503 N.E.2d 142, paragraph two of the syllabus. There was no trial in this case because appellant pled "no contest." Therefore, we must determine whether Appellant has the right to appeal the trial court's ruling on the motion *in limine*.

**{¶21}** Appellant recognizes that generally "no contest" pleas preclude appellate review of pretrial motions *in limine, see State v. Engle* (1996), 74 Ohio St.3d 525, 660 N.E.2d 450 (Robie Resnick, J., concurring). However, Appellant argues that his Motion

*in Limine* was actually a motion for sanctions pursuant to Crim.R. 16, requesting exclusion of evidence because same had not been provided timely. Appellate courts can review a trial court's ruling on a pre-trial motion seeking exclusion of evidence as a sanction for discovery violations after a no contest plea. *See* Crim.R. 12(H).

**{¶22}** In *State v. Wiles* (1991), 59 Ohio St.3d 71, 78–79, 571 N.E.2d 97, the Supreme Court stated a trial court has discretion under Crim.R. 16(E)(3) to determine the appropriate response for failure of a party to disclose material subject to a valid discovery request. *See also State v. Parson* (1983), 6 Ohio St.3d 442, 6 OBR 485, 453 N.E.2d 689. To determine whether a trial court has abused its discretion in dealing with Crim.R. 16 violations, we look to whether (1) the violation was willful, (2) foreknowledge would have benefited the defendant, and (3) the defendant suffered prejudice as a result of the state's failure to disclose the information. *Wiles, supra. See, State v. Jones,* 2009-Ohio-2381, ¶ 14, 183 Ohio App.3d 189, 193–94, 916 N.E.2d 828, 831 abrogated by *State v. Darmond,* 2013-Ohio-966, ¶ 14, 135 Ohio St.3d 343, 986 N.E.2d 971.

**{¶23}** Upon review we find, as did the trial court, Appellant has not shown that he suffered any prejudice as a result of the late discovery or the trial court's ruling. The trial court found that the no discovery rule violation had taken place as the late discovery related only to chain of custody slip which showed how the evidence got to where it was going, and that Appellant's counsel had been aware of the name of the person at the lab and the name of the State Trooper. (T. at 5). The court found that the content of the late discovery was not anything that would prejudice Appellant in any way. (T. at 5). Further, because Appellant entered a plea of no contest rather than proceeding to trial, any argument as to prejudice would be entirely speculative.

**{¶24}** Based on the foregoing, we find Appellant's first assignment of error not well-taken and hereby overrule same.

## II.

**{¶25}** In his second assignment of error, Appellant argues his sentence is contrary to law. We disagree.

**{¶26}** It is axiomatic that "a defendant is guaranteed the right to a trial and should never be punished for exercising that right [.]" *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220, 1227(1989). Thus, the augmentation of sentence based upon a defendant's decision to stand on his right to put the government to its proof rather than plead guilty is improper. *United States v. Araujo*, 539 F.2d 287 (2nd Cir. 1976), *certiorari denied sub. nom. Rivera v. United States,* 429 U.S. 983, 97 S.Ct. 498, 50 L.Ed.2d 593 (1979); *United States v. Hutchings*, 757 F.2d 11, 14 (2nd Cir. 1985); *United States v. Derrick*, 519 F.2d 1, 3 (6th Cir. 1975); *State v. Howard*, 5th Dist. Stark No. 2012CA00061, 2013–Ohio–2884, ¶ 81.

**{¶27}** Moreover, courts must not create the appearance that it has enhanced a defendant's sentence because he has elected to put the government to its proof. *United States v. Hutchings, supra; United States v. Stockwell*, 472 F.2d 1186, 1187 (9th Cir. 1973). The chilling effect of such a practice upon standing trial would be as real as the chilling effect upon taking an appeal that arises when a defendant appeals, is reconvicted on remand, and receives a greater punishment. *State v. Morris*, 159 Ohio App.3d 775, 2005–Ohio–962, 825 N.E.2d 637 (8th 2005), ¶ 12 *citing State v. Scalf*, 126 Ohio App.3d 614, 621, 710 N.E.2d 1206 (1998) and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Howard,* 2013–Ohio–2884, ¶ 82.

**{¶28}** However, when a defendant receives a harsher sentence following his rejection of a plea offer, there is not a "reasonable likelihood" that the sentence was based on actual vindictiveness. The Ohio Supreme Court has declined to apply a presumption of vindictiveness, and instead has held that the appellant must prove actual vindictiveness. *See United States v. Wasman*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984); *State v. Rahab,* 150 Ohio St.3d 152, 2017–Ohio–1401, 80 N.E.2d 431, ¶ 16.

**{¶29}** Having declined to presume that the trial court acted with vindictiveness, we begin our review of Appellant's sentence as we do in any other appeal—with the presumption that the trial court considered the appropriate sentencing criteria. *State v. O'Dell*, 45 Ohio St.3d 140,147, 543 N.E.2d 1220(1989); *State v. Rahab,* 150 Ohio St.3d 152 at ¶ 9. We then review the entire record—the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing—to determine whether there is evidence of actual vindictiveness. We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court. *See* R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 1; *State v. Rahab,* 150 Ohio St.3d 152 at ¶ 33.

**{¶30}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required sustaining an issue must be clear and convincing, a reviewing

court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶31} We review the entire record to determine whether there is evidence of "actual" vindictiveness and can reverse only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness.

{¶32} Here, Appellant entered his plea of no contest prior to proceeding to a jury trial. Appellant argues that the trial court's sentence was longer than one normally imposed in similar cases and that such was based on actual vindictiveness for Appellant's failure to enter his plea before a jury was called in to report.

Court: "... typically, what we do in these cases is, I offer six months consecutive to what they're already doing if they're still in prison." (T. at 5).

...

Court: "What I don't like to do is bring an entire jury in and then have a change of plea."

...

Counsel: "As of now, I would ask this question first, if he pleads right now, is he still looking at six months consecutive or looking at a full year because the jury is already here?

Court: "It wouldn't be a year, but I think it would be a little more than six months. Probably eight months as of right now consecutive." (T. at 6)

{¶33} Initially, we note that Appellant's sentence of eight (8) months is within the statutory range of seven, eight, nine, ten, eleven, or twelve months for a felony of the fifth degree, and it is not contrary to law. R.C. §2929.14(A)(5).

{¶34} Further, upon review, we find the court's comments cannot be read in isolation from other remarks it made at sentencing. Prior to accepting Appellant's plea, the trial court advised Appellant, more than once, that he could have a trial, by judge or jury. (T. at 8-9). The trial court also advised Appellant, prior to accepting his plea of no contest, that he would be imposing an eight month sentence. (T. at 12). The court also explained the reason for the sentence wherein it stated that the crime occurred in the prison where Appellant was serving time on a prior offense, that it was consecutive to protect the public and punish the offender, and that it was not disproportionate to the seriousness of the conduct or the danger posed. The court also referenced Appellant's criminal history which included possession, safecracking and illegal conveyance. (T. at 15).

{¶35} Based on the record as a whole, we find no evidence of vindictiveness in the trial court's imposition of an eight month sentence in this matter.

{¶36} Appellant's second assignment of error is overruled.

{¶37} Accordingly the judgment of the Richland County Court of Common Pleas is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0808