*353 Pfeifer, J.,
dissenting.
{¶ 44} We need look no further than Crim.R. 16(L)(1) to decide this case. The rule states:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.
This court’s only inquiry should be whether the trial court abused its discretion in making an otder it deemed “just under the circumstances.” The trial court gave detailed reasoning for its dismissal of the case against the defendants, and there is no reason for this court to overturn its ruling.
The Inapplicability of Lakewood
{¶ 45} Lakewood v. Papadelis, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), has no application in this case. In Lakewood, this court addressed a trial court’s discovery sanction that excluded all the witnesses the defendant had intended to call at trial. This court found that “the effect of the sanction of exclusion imposed on [the defendant] was to deny him the right to present a defense.” Id. at 4. The court stated that “exclusion may infringe on a criminal defendant’s Sixth Amendment right to present a defense, particularly where, as in this case, all the defendant’s witnesses are excluded.” Id. at 5.
{¶ 46} In Lakeioood, this court looked to other states’ jurisprudence on the exclusion of witnesses in determining whether the trial court’s sanction had been too harsh:
The courts of other states, when presented with the claim that exclusion of a criminal defendant’s witnesses is too harsh a sanction, have held that the trial court must make an inquiry into the surrounding circumstances prior to excluding a party’s witnesses. Before imposing the sanction of exclusion, the trial court must find that no lesser sanction would accomplish the purpose of the discovery rules and that the state would be prejudiced if the witnesses were permitted to testify.
*354 (Emphases added.) Id.
{¶ 47} It was because the sanction imposed in Lakewood was an exclusion— which affected the defendant’s Sixth Amendment right to present a defense — that this court concluded that the trial court should have considered lesser sanctions: “In this case, the trial court did not indicate that it balanced the state’s interests against [the defendant’s] Sixth Amendment right to present a defense by considering any sanction other than excluding the testimony of his witnesses.” Id.
(¶ 48} Lakewood does not apply to every discovery sanction; it and the cases it cites deal with the exclusion of evidence offered by a defendant. The holding of Lakewood is that a court must apply a balancing test before imposing discovery sanctions against a defendant that result in exclusion of testimony or evidence, but that “[i]t is only when exclusion acts to completely deny [a] defendant his or her constitutional right to present a defense that the sanction is impermissible.” Id.
{¶ 49} Which of the state’s constitutional rights was violated in this case?
{¶ 50} There is no right of complete equality of treatment between the state and a defendant, and the Constitution has seen to that. Is it unfair that the state must prove its case beyond a reasonable doubt rather than by a preponderance of the evidence, or that it must prepare its case quickly so that a defendant may have a speedy trial? Defendants have special rights, and courts must respect those. In determining appropriate discovery sanctions for defendants, courts must be careful to tailor the sanctions so they do not infringe on a defendant’s constitutional rights. The state does not have those same rights; thus, a trial court is not constrained to impose the least severe sanction possible to preserve those nonexistent rights.
The Trial Court Did Not Abuse Its Discretion
{¶ 51} The trial court was not required to give the state the least severe discovery sanction available. The trial court’s duty in this case was to simply abide by Crim.R. 16(L)(1). It did, by making an order it deemed just under the circumstances. It made clear that the fact that the state had failed to disclose to the defendants that it had intercepted similar packages addressed to different addressees meant that additional evidence — all the evidence related to those other packages — was also not provided to the defendants. In short, the agent’s testimony had opened Pandora’s (FedEx) box. The trial court reasoned:
I agree it could be inculpatory or exculpatory. The issue that I am faced with now is, as this witness testified, it became known to the State of *355 Ohio * * * and now defense counsel, about a number of other packages that were recovered on the 13th and the 17th of March of 2010.
In looking at those, I’ll point out on the record there are a number of items which I believe would be important to the defense to have the ability to review or research that may be beneficial or may not be with respect to the case.
Just pointing out some of those, even that the special agent pointed out, the addresses. She had all the addresses. She was not able to give those specifically because they were on different papers that she had back at her office.
She was able to point out the names, again, similarities in names, relationships in names. I believe at least of the eight or of the seven, as I look at them, there may be seven females on all the names. Is there a possibility of a relationship? Are the addresses related? Are the possibilities of prosecution or any of those individuals indicted, are they charged?
The special agent indicated that there was a single report for each of those boxes, so possibly six additional reports that would have been, I believe, needed to be provided in order for the case to be looked at in a fashion that was fair to both of the Defendants charged.
Now, you take all of that that wasn’t given. Then you say, Well, okay, if that wasn’t given, why should it have been given? Is there any other connection? None of those names matched the Defendants in this case, the addresses didn’t match the Defendants in this case. And so why should the other information come in?
I think the tie possibly comes, as the special agent continued to testify, that all seven of the boxes were very similar in nature and all were the same box size. All seven of them were addressed and came from either the Phoenix or Tempe, Arizona area from a Kinko’s store.
All of them were handwritten with the same handwriting. Possibly the inside packaging on some of them were not exactly the same, but all of them came in a very similar packaging, birthday packaging, birthday cards, and so forth.
To then relate these seven boxes together, that I believe all the other information should have been supplied, the reports, the addresses, the names, the investigation, whether there were charges, and quite possibly maybe if there was an indictment, which I don’t know if there was or wasn’t, and I don’t think anyone can speak to that.
You know, based on those indictments, did someone own up to a scheme that maybe would have been information and evidence that could have *356 been brought in here and testimony by another person to exonerate the two individuals that were charged in this case.
Based on that and the testimony given by this witness that then became known to all of us here this morning and then later this afternoon, I am going to find that the State of Ohio is going to be barred from future prosecution of this case and that double jeopardy does attach.
{¶ 52} The trial court made its decision after giving each side the opportunity to argue whether dismissal was appropriate. It granted a recess at the prosecutor’s request so that the prosecutor could research the issue. The state never sought a continuance on the record, in contrast to the state’s request in one of the cases in conflict with the court’s decision below, State v. Siemer, 1st Dist. Nos. C-060604 and C-060605, 2007-Ohio-4600, 2007 WL 2541121, ¶ 4. In the other conflict case, State v. Engle, 166 Ohio App.3d 262, 2006-Ohio-1884, 850 N.E.2d 123 (3d Dist.), the trial court never gave the state a chance to respond to the defendant’s motion to dismiss. Finally, Demetrius Darmond had previously been under indictment in case No. CR-535469 for the same charges. That case was dismissed without prejudice by the state on August 9, 2010, “for further investigation.” The state reindicted him in this case on August 11, 2010. State v. Darmond, 8th Dist. Nos. 96373 and 96374, 2011-Ohio-6160, 2011 WL 5998671, ¶ 2, fn. 1.
{¶ 53} Can we really say that the trial judge abused his discretion in dismissing this case with prejudice? Should the trial judge have continued this case until the attorneys for Darmond and his mother-in-law, Iris Oliver, chased down every lead that might have arisen from the undisclosed packages? Would it be in the best interest of justice to routinely grant long continuances to correct prosecutorial ball-fumbling? How many mistakes are prosecutors allowed in one case before a continuance to allow for further investigation is deemed too weak a sanction?
Conclusion
{¶ 54} The state made a mistake in this case, a mistake not easily or quickly corrected. Out of that mistake, the state has somehow become the wronged party, and it asks this court to ensure that in future cases, trial courts impose the least severe sanction possible upon the state when it innocently withholds evidence from defendants. This request is based upon the fact that in Lakewood, this court protected the constitutional rights of defendants by requiring that discovery sanctions not infringe on a defendant’s right to present a defense. The state’s premise is that the state and defendants are equals; but the fact is that we have a Constitution because the state and individuals are not equal. The *357 intent of the discovery rules is to guarantee fair play between the state and the defendant, not to change the nature of the game.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Katherine Mullin, Assistant Prosecuting Attorney, for appellant.
John P. Parker, for appellee Demetrius Darmond.
Jeff Hastings, for appellee Iris Oliver.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, urging reversal on behalf of amicus curiae Ohio Prosecuting Attorneys Association.